State of TEXAS; State of Hawaii; State of Maryland; Commonwealth of Massachusetts; State of Minnesota; State of New York, Plaintiffs,

and

United States of America, Plaintiff—Appellee,

v.

ORACLE CORPORATION, Defendant—Appellee,

v.

Fidelity Employer Services Company, LLC, Third-party-defendant— Appellant.

No. 04–15531.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 18, 2005.

Decided Nov. 23, 2005.

Greg Abbott, Esq., Barry R. McBee, Esq., Office of the Attorney General, Austin, TX, Mark J. Bennett, Esq., AGHI—

Office of the Hawaii Attorney General, Honolulu, HI, Ellen S. Cooper, Esq., Alan Michael Barr, Esq., Office of Attorney General, Baltimore, MD, Timothy E. Moran, Esq., Attorney General of Massachusetts, Boston, MA, Kristen Marie Olsen, Esq., Attorney General of Minnesota, St. Paul, MN, Office of the Attorney General, New York, NY, for Plaintiffs.

Phillip H. Warren, Trial Attorney, U.S. Department of Justice Antitrust Division, San Francisco, CA, John P. Fonte, Esq., U.S. Department of Justice Appellate Section—Antitrust Division, Claude F. Scott, Jr., Esq., DOJ—U.S. Department of Justice, Tax Division, Washington, DC, for Plaintiff–Appellee.

Gregory P. Lindstrom, Esq., Christopher S. Yates, Mark J. Seifert, Esq., Latham & Watkins, LLP, San Francisco, CA, for Defendant–Appellee.

David C. Frederick, Kellogg Huber Hansen Todd & Evans, PLLC, Washington, DC, Hway–Ling Hsu, Esq., Bergeson, LLP, San Jose, CA, for Third–party–defendant–Appellant.

Before GOODWIN, O'SCANNLAIN, and TALLMAN, Circuit Judges.

## MEMORANDUM *

The appellant challenges the district court's grant of a protective order in an antitrust suit between two other parties, Oracle Corporation (Oracle) and the United States Department of Justice (DOJ). The appellant contends that the protective order improperly allows Oracle's in-house counsel access to its highly-confidential documents. These documents were used by the DOJ in the course of preparation for litigation and were thus subject to production pursuant to the Federal Rules of Civil Procedure. Because the underlying litigation is over, DOJ has decided not to appeal, Oracle's outside counsel has promised to refrain from disclosing the documents, and the documents were discoverable, the parties lack a legally cognizable interest in the outcome of this litigation. Thus, the appeal is moot. *See, e.g., Lasar v. Ford Motor Co.,* 399 F.3d 1101, 1108 (9th Cir.2005). Further, even if the district court's protective order was insufficient, Fidelity Employer Services Company's harm is not likely to be repeated, nor would it typically evade review. *See Lewis v. Continental Bank Corp.,* 494 U.S. 472, 481, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990). We dismiss for lack of jurisdiction.

DISMISSED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.